**In re COMMONWEALTH OIL REFIN-
ING COMPANY, INC. et al., Debtors.**

No. SA78CA224.

United States District Court,
W. D. Texas,
San Antonio Division.

Nov. 30, 1978.

Larry R. Patton, Asst. U. S. Atty., San Antonio, Tex., Grant G. Guthrie, Associate Director, James T. Eichstaedt, Chief Counsel, Wilnetta S. Marks, Atty., Div. of Corporate Regulation, Securities & Exchange Commission, Washington, D. C., Anthony V. Ponzio, Atty., Securities & Exchange Commission, Chicago, Ill., for Securities and Exchange Commission.

J. Burleson Smith, David C. Spoor, San Antonio, Tex., William M. Kahn, Leo Fox, New York City, for Tesoro Petroleum Corporation.

## ORDER

SPEARS, Chief Judge.

Came on for consideration the appeal of the Securities and Exchange Commission, hereinafter referred to as "the S.E.C." or "the Commission", from the bankruptcy court's order of May 18, 1978, which denied the Commission's motion to intervene in the Chapter XI proceedings of Commonwealth Oil Refining Company, hereinafter referred to as "CORCO". Tesoro Petroleum Corporation, hereinafter "Tesoro", which opposed the Commission's motion in the court below,

has appeared as appellee in this proceeding. No oral argument having been requested, and it appearing to the Court that none was necessary, the Court considered the record designated by the parties and the briefs of counsel in weighing the merits of this appeal.

During the May 15, 1978 first meeting of creditors in the CORCO Chapter XI proceedings, counsel for the S.E.C. drew the bankruptcy court's attention to a motion filed earlier in the day entitled "Motion of the Securities Exchange Commission to Intervene in These Proceedings," in which "leave to intervene in these proceedings as a party in interest" was requested. After a short discussion between the court and counsel for the S.E.C., the court called for objections to the Commission's motion. Counsel for Tesoro rose and objected to the motion insofar as the Commission sought to be heard in the proceedings concerning the motion of the Commonwealth of Puerto Rico and the Puerto Rican Water Resources Authority to transfer venue of the case from the Western District of Texas to the District of Puerto Rico, which were scheduled to begin in the afternoon of the same day. After hearing Tesoro's objection, the bankruptcy court decided to hold the Commission's motion in abeyance in order to allow counsel for the other parties in interest to examine and respond to it before a ruling was made.

On May 18, 1978, Tesoro filed a brief in opposition to the Commission's motion. The opposition was limited, however, to the issue of the Commission's intervention in the venue proceedings which were concluded that afternoon. After examining the briefs of the parties and hearing their arguments, the bankruptcy court entered an order denying the S.E.C. permission to intervene in the venue controversy. The order carefully specified, however, that the denial was "without prejudice to the right of the Commission to apply for permission to intervene on any appropriate issues which may subsequently arise in the Chapter XI case."

It is in this posture that the case comes to this Court on appeal. Two distinct issues are thus presented for resolution. The first is whether the bankruptcy court erred in denying the S.E.C.'s motion to intervene as it related to the determination of proper venue for CORCO's Chapter XI proceedings. The second issue is whether the bankruptcy court committed error in holding that the Commission must apply for permission to intervene in each individual issue which comes before the bankruptcy court in the CORCO Chapter XI proceedings.

With regard to the first of the above issues, this Court is convinced of the propriety and in fact the necessity of the action of the court below in denying the Commission's motion to intervene and participate in the proceedings incident to the motion to transfer venue. The Chapter XI petition in the CORCO case was filed March 3, 1978, and on March 6, 1978, the motion to transfer venue was filed. The Commission's delay of over sixty days in filing their motion was unexplained at the time it was filed and remains so to this day. This Court finds that the late filing of the Commission's motion is itself sufficient to warrant a denial of the relief requested therein as it relates to the proceedings held below on the question of the proper venue for CORCO's Chapter XI proceedings. The nature of the intervention sought by the Commission; that is, whether it is permissive or as of right, has no bearing on the Commission's failure to file and pursue its motion in a timely fashion. Accordingly, that portion of the order of the bankruptcy court denying the Commission's motion to intervene in the proceedings to determine venue in the CORCO Chapter XI proceedings is hereby in all respects AFFIRMED.

The Court is faced with a different problem in dealing with the second issue before it. The Commission's motion asserts that it "may intervene and be heard on all matters arising in a Chapter XI proceeding", and cites *S. E. C. v. American Trailer Rentals Co.*, 379 U.S. 594, 612–13, 85 S.Ct. 513, 13 L.Ed.2d 510 (1964) as authority. Since there is no statute or rule granting

the Commission the right to intervene in a Chapter XI proceeding for any purpose other than to move for a transfer to Chapter X under § 328 of the Bankruptcy Act and Bankruptcy Rule 11–15, the Commission's claim to a right of intervention in a Chapter XI case must be judged against the standard found in Fed.R.Civ.P. 24(a)(2). Applying the guidelines appearing in the rule to the matter at hand, the Court is convinced that the Commission does have a right to intervene and be heard in all matters arising in the CORCO Chapter XI proceeding. CORCO's financial structure is intricate and includes diverse types of securities which are held by large numbers of public investors. The Commission thus has an interest in the proceedings through its role as protector of public investor interests. To deny the Commission the right to intervene generally in a corporate rehabilitation proceeding of the magnitude of the CORCO Chapter XI would deny representation to the public security holders of the corporation and preclude protection of their interests. And to require the Commission to prove its right to intervene in every hearing on every motion before the bankruptcy court where, as here, the debtor involved is a multi-million dollar corporation with widely held securities and a complex financial structure, and where most of the issues brought before the Court will necessarily affect the interests of a large number of public investors, would unreasonably burden both the Commission and the bankruptcy court, and would unnecessarily protract the proceeding.

Thus, while the Commission is not statutorily entitled to intervene as of right under present law in every Chapter XI case,[1] the pervasive public interests involved in a case of the magnitude of the CORCO Chapter XI proceedings mandate that the Commission be a party to all further issues which arise therein. Accordingly, those portions of the bankruptcy court's order of May 18, 1978, which construe the Commission's mo-

tion as one seeking permissive intervention, and those portions of the order which deny the Commission's motion to intervene "without prejudice to its right to apply for permission to intervene on any appropriate issues which may subsequently arise in the Chapter XI case" are hereby REVERSED, and the Commission is hereby granted leave to intervene as a party in interest in all matters now pending or hereafter arising in the CORCO Chapter XI proceeding before the bankruptcy judge.

---

1. Under the recently passed Bankruptcy Reform Act, Pub.L. No. 95–598 § 1109 (1978), the Commission is accorded a statutory right to appear and be heard on any issue in a case under Chapter XI as it has been amended, although it may not appeal from any judgment, order, or decree entered in the case.